### DENENHOLZ v. KELLY et al.

(Supreme Court, Appellate Term. January 17, 1906.)

PHYSICIANS AND SURGEONS—CONTRACT FOR COMPENSATION.

> Where, after a physician had rendered services at defendants' request for an employé whose hand was crushed, and his bill had run up to $100, the question of fixing a sum for the entire services was considered, and, on the physician saying that the treatment might still continue seven or eight weeks, a sum was agreed on. Held, that the statement of the physician was a mere expression of opinion, and that he could recover the amount agreed on, though the treatment, which continued for some weeks thereafter, did not continue for as much as seven or eight weeks.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Aaron Denenholz against Edward J. Kelly and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Jacob H. Denenholz, for appellant.
Andrew F. Van Thun, Jr., for respondents.

SCOTT, P. J. This is a very simple case, and the material facts are practically undisputed, although a great quantity of irrelevant testimony was taken. A boy in defendants' employ had his hand crushed and severely injured. Defendants employed plaintiff, a physician, to care for him. No agreement was at first made about compensation,

but after a time defendants wished to limit their probable liability, and agreed to pay plaintiff $175 for his services in the case, and $20, the fee of a consultant. They have only paid $100, and this action is for the balance due.

The defendants display more anxiety to find some ground to escape liability than they show caution in their statements excusing nonpayment. When asked for payment before suit, they replied that the agreement was to pay when the treatment was concluded, and that they were informed that it had not yet been finished. In their verified answer in this action they categorically deny having made the agreement, and upon the stand they admit the agreement, and seek to avoid compliance with it because, as they say, the treatment did not continue so long as they had been led to believe it would. Thus on June 16th they refused to pay because the treatment was still going on, and they now defend because, as they say, no treatment was had after the middle of April. But, even if it were possible to believe the defendants, they make out no defense. They say that after the plaintiff's bill had run up to $100 the question of agreeing upon a sum was broached, and that $175 was agreed upon after the doctor had said that the treatment might still continue "six, seven, or eight weeks—quite indefinite." This, of course, was not a representation that the case would take any definite time, but merely the expression of an opinion. In point of fact the treatment did continue for some weeks thereafter. Upon the case the plaintiff was clearly entitled)to the sum sued for.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.